CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/30/2021
JULIA C. DUDLEY, CLERK
BY:   s/ A. Little
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

ZACHARY R. COLEMAN,

*Plaintiff*,

v.

SHERIFF STEVE FUNKHOUSER, *et al*.,

*Defendants.*

CASE NO. 6:20-cv-00049

MEMORANDUM OPINION
& ORDER

JUDGE NORMAN K. MOON

Several motions are presently before the Court, including Defendant Steve Funkhouser's motion to dismiss Plaintiff's original complaint (Dkt. 6), Defendant Derek Almarode's motion to dismiss Plaintiff's original complaint (Dkt. 8), and Plaintiff's first and second motions to amend his complaint (Dkts. 22, 26). In view of the posture of these motions, the Court proceeds to first consider Plaintiff's motions to amend and the issue of futility raised therein, which incorporates the arguments Almarode made in his motion to dismiss.

<u>Plaintiff's Motions to Amend Complaint</u> (Dkts. 22, 26)

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). At the time Plaintiff moved to amend his complaint, the deadline for amended pleadings had passed as set forth in the Court's pretrial order. Dkt. 11 ¶ 24 ("Except for good cause shown, any such motion [to amend pleadings] must be filed no later than 45 days from the date of this order."). Plaintiff asserted various reasons establishing "good cause" for why the motion to amend could not practicably have been filed before that deadline, including the fact that Plaintiff was "held nearly incommunicado" at a

correctional facility until two days prior to the deadline; and noting delays in discovery further contributed to the timing of the motion to amend. *See* Dkt. 29 at 1. Here, the parties do not dispute Plaintiff satisfied the good cause standard but focus their argument on the issue whether amendment as to Almarode would be futile. Dkts. 30, 31. The Court proceeds in a like fashion here, finding that there was good cause for the timing of Plaintiff's motion, and turning to address futility. On that issue, Almarode reiterates his arguments in his earlier motion to dismiss the original complaint as a basis for finding that the amended complaint similarly fails. "[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

  1. *Failure to Provide a Complaint Procedure* (Counts III, IX)

  Count III is entitled "Failure to provide complaint procedure (A)." Second Am. Compl., Dkt. 28-1 ("SAC") ¶¶ 69–79. This count is brought solely against Almarode. *Id.* ¶ 70. Therein, Plaintiff alleges that, "[a]fter the first assault campaign, Plaintiff had no means of redress within the Rockbridge Regional Jail." *Id.* ¶ 71. Plaintiff further alleges that he was "never made aware of any complaint procedure whatsoever," and if one was available to inmates, he was "functionally denied access to it." *Id.* ¶¶ 73, 76. Plaintiff claims that Almarode's "fail[ure] to provide or implement a complaint process constituted callous and deliberate indifference to Plaintiff's safety," resulted in his injuries, and further "violated Plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual punishment." *Id.* ¶ 79. Count IX is similarly entitled "Failure to provide complaint procedure (B)." *Id.* ¶¶ 135–45. It is also brought solely against Almarode. *Id.* ¶ 136. Count IX raises the same legal claim as Count III except it alleges that, "[d]uring the *second* assault campaign, Plaintiff had no means of redress within the Rockbridge Regional Jail." *Id.* ¶ 137 (emphasis added).

Fourth Circuit precedent has "establish[ed] a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Because inmates have no constitutional right to grievance procedures, and because Counts III and IX are predicated upon a legal theory that they do, which has been foreclosed by the Fourth Circuit, the Court will **deny** Plaintiff's motion for leave to amend in part, **rejecting Counts III and IX as futile**.

   2. *Failure to Protect from Cruel & Unusual Punishment*

Count I is a claim concerning "Failure to protect from cruel and unusual punishment (a campaign of assault)," specifically alleged assaults by cell mates George Jones and David Hosteter. SAC at 5, ¶¶ 31–54. Count VII is also a failure to protect claim specifically arising out of alleged assaults by other inmates Elijah Bobbitt and Thomas Coleman. *Id.* at ¶¶ 104–23. Plaintiff brings Counts I and VII against several Defendants, including Almarode. *Id.* ¶¶ 32, 105.

Plaintiff specifically alleged that Almarode "is a current superintendent of the Rockbridge Regional Jail and was responsible for implementing policies, supervision, hiring and discipline adequate to protect the inmates from," among other things, "assault by other inmates." *Id.* ¶ 5. Plaintiff further alleged that, "[u]pon information and belief, the 500 pod in the Rockbridge Regional Jail is reserved exclusively for inmates charged with sexual offenses to protect them from inmates not charged with sexual offenses," which, Plaintiff alleges on information and belief, was a policy "promulgated by John Marshall Higgins and left in place by his successor Derek Almarode or promulgated by Derek Almarode alone." *Id.* ¶ 33.

Plaintiff also alleged more generically that, "[u]pon information and belief, Derek Almarode promulgated a policy that allowed the assignment of Plaintiff to the same pod with dangerous criminals like Jones and Hosteter," which "policy failure was due to inadequate training, inadequate supervision, deficient hiring, inexcusable incompetence, or some combination of the foregoing." *Id.* ¶ 49. Plaintiff also generically alleged, in the alternative, that Plaintiff promulgated a policy that "did not allow the assignment of Plaintiff to the same pod with" such "dangerous criminals," but "failed to enforce it properly." *Id.* ¶ 50; *see also id.* ¶¶ 118–19 (comparable allegations in Count VII).

In addition, the Second Amended Complaint also included several allegations concerning Almarode in the counts raising claims of failure to provide or implement a grievance process— counts which the Court has otherwise dismissed on the merits. *See id.* ¶¶ 70–79, 136–45. Lastly, Plaintiff included a number of general allegations about a collective group of Defendants, including that "Defendants" knew that George Jones, David Hosteter, Elijah Bobbitt, and Tommy Coleman were "dangerous criminals." *See id.* ¶¶ 8–11. Plaintiff further alleged that "certain Defendants" chose to assign Plaintiff to a cell with them. *Id.* ¶ 11; *see also id.* ¶ 110 (alleging that "all inmates and staff, including the remaining Count VII defendants, at the Rockbridge Regional Jail knew that Bobbitt was" dangerous).

Prison officials are "obligated to take reasonable measures to guarantee inmate safety. 'In particular, … prison officials have a duty … to protect prisoners from violence at the hands of other prisoners.'" *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, "not every injury suffered by a prisoner at the hands of another 'translates into constitutional liability for prison officials responsible for the victim's safety.'" *Id.* at 133 (quoting *Farmer*, 511 U.S. at 834).

Accordingly, "liability attaches only when two requirements are met." *Id.* at 133 "First, 'a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Id.* at 133 (quoting *Farmer*, 511 U.S. at 834). "Second, the prison official must have a 'sufficiently culpable state of mind' to be held liable," which is that the prison official's state of mind was one of "deliberate indifference to inmate health or safety." *Id.* at 133 (quoting *Farmer*, 511 U.S. at 834). The Fourth Circuit has held that "deliberate indifference in this context lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Virginia Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995).

The well-pleaded allegations in the Second Amended Complaint, taken as true, fail to satisfy the second element of Plaintiff's two failure to protect claims, as against Almarode. The allegations against Almarode that contain some factual content are few. They include his position as current Superintendent of Rockbridge Regional Jail, and potentially also responsibility for implementing policies to protect inmates from violence by other inmates. SAC ¶ 5. And Plaintiff alleges that "the 500 pod" was "reserved exclusively for inmates charged with sexual offenses to protect them from inmates not charged with sexual offenses," which policy Plaintiff alleged, on information and belief, was either left in place by or promulgated by Almarode. *Id.* ¶¶ 33, 106. That is it. All other allegations in the complaint as relate to Almarode are conclusory in nature, legal conclusions, or otherwise devoid of any factual content. *See, e.g.*, *id.* ¶¶ 49, 50, 77, 78, 79, 118, 119; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (holding that conclusions or conclusory allegations do not suffice). And yet other allegations are generic and refer to "Defendants" or "certain Defendants," but do not identify or otherwise specifically include any factual content related to Almarode. *See, e.g.*, SAC ¶¶ 8–11, 41, 110.

Plaintiff's well-pleaded allegations, taken as true, fail to state a plausible Eighth Amendment claim as against Almarode, for failure to protect. The well-pleaded allegations fail to satisfy the second requirement of such claim identified in *Farmer*—whether Almarode's state of mind was one of deliberate indifference to inmate health and safety. Accordingly, **Counts I and VII will be dismissed**, **as against Almarode**.

<u>Defendant Funkhouser's Motion to Dismiss</u> (Dkt. 6)

Noting Plaintiff's consent to the dismissal of Sheriff Steve Funkhouser as a Defendant from this case, Dkt. 22 at 2, and that Sheriff Funkhouser is not named as a Defendant in the Second Amended Complaint, the Clerk of Court is hereby **directed** to terminate Sheriff Funkhouser as a Defendant. Furthermore, Sheriff Funkhouser's pending motion to dismiss will be and hereby is **DENIED as moot**. Dkt. 6.

<u>Defendant Derek Almarode's Motion to Dismiss</u> (Dkt. 8)

Since the Court has granted Plaintiff's motion to amend, Defendant Almarode's motion to dismiss Plaintiff's First Amended Complaint has been mooted by the filing of Plaintiff's Second Amended Complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). The Court has addressed many of the arguments raised therein in the context of the Court's analysis of the "futility" of Plaintiff's motion to amend, and concluded that Almarode shall be terminated as a Defendant. Accordingly, the Court will **DENY as moot** Almarode's pending motion to dismiss. Dkt. 8.

<u>Caption</u>

The Clerk of Court is **directed** to amend the caption of this case to reflect the parties listed in the Second Amended Complaint, and **terminating Gary Hassler** as a Defendant, as he is no longer named as a Defendant in the Second Amended Complaint.

Accordingly, for these reasons the Court hereby **ORDERS** that

1) Plaintiff's Second Motion to Amend His Complaint is **GRANTED IN PART AND DENIED IN PART**. Dkt. 26.

2) Leave to amend is **DENIED** with respect to Counts III and IX, which are **futile**, and such counts are **DISMISSED.**

3) Leave to amend is **DENIED** with respect to Counts I and VII, **only as against Almarode**, as such claims are **futile** and legally insufficient against Almarode.

4) In other respects, the Court **GRANTS** Plaintiff's leave to file the Second Amended Complaint. Dkt. 26.

5) The Clerk of Court is **directed** to **docket** Plaintiff's Proposed Second Amended Complaint (Dkt. 28-1) as Plaintiff's Second Amended Complaint.

6) The Clerk of Court is **directed** to **strike Almarode** from the list of active Defendants, as there are no remaining claims against him.

7) The Clerk of Court is **directed** to **strike Gary Hassler** from the list of active Defendants, as there are no remaining claims against him in the Second Amended Complaint.

8) The Clerk of Court is **directed** to **terminate as moot** Plaintiff's first motion to amend, Dkt. 22, Defendant Almarode's motion to dismiss, Dkt. 8, and Sheriff Steve Funkhouser's motion to dismiss, Dkt. 6.

9) The Clerk of Court is **directed** to **amend the caption** to reflect the remaining Defendants listed in the Second Amended Complaint.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

ENTERED this  30th  day of September, 2021.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE