CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/5/2022
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ZACHARY COLEMAN, *Plaintiff*, v. JOHN MARSHALL HIGGINS, *et al.*, *Defendants.* | CASE NO. 6:20-cv-00049 <br><br> MEMORANDUM OPINION & ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Don Moran's motion to dismiss. Dkts. 63, 64. Moran moved to dismiss Plaintiff Zachary Coleman's Second Amended Complaint arguing that, "[a]lthough Plaintiff lists Don Moran in the caption of the Complaint, Moran does not show up in any of the factual allegations of the Complaint. … There are no allegations against Moran." Dkt. 64 at 1. Plaintiff does not dispute the fact that the Second Amended Complaint has no factual allegations as against Moran. *See* Dkt. 66. Rather, Plaintiff simply argues that he has not received discovery sought from Defendants, and that "[w]hen discovery and disclosure is finally provided, this information could reveal that Dan Moran is one of the John Doe defendants in Counts I, II, or VIII." Dkt. 66 at 2. Therefore, Plaintiff asserts that dismissing Moran "*with prejudice* at this stage … would be inappropriate …" *Id.* In reply, Moran seeks dismissal "[g]iven the complete lack of allegations that are facially plausible regarding Defendant Moran in the Second Amended Complaint …" Dkt. 69 at 1.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all

reasonable inferences drawn in the plaintiff's favor, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). A plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, the Second Amended Complaint not only lacks factual allegations sufficient to state a plausible claim to relief as against Defendant Don Moran, indeed, it lacks any factual averments against Moran whatsoever. And while Plaintiff suggests that he could have pleaded more against Moran had Plaintiff received more discovery, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. In any event, the Court agrees that on this record and in light of the parties' arguments, that dismissal *with prejudice* would be premature.

The Court will therefore **GRANT** Defendant Don Moran's motion to dismiss, Dkt. 63. Moran hereby is **DISMISSED** from this action, ***without prejudice***. The Clerk is directed to strike Moran from the docket from the list of active parties in this action.

It is so **ORDERED**.

3

The Clerk of Court is directed to send this Memorandum Opinion and Order to the parties.

Entered this   5th   day of January, 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE