CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/20/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ZACHARY R. COLEMAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 6:20-cv-00049 |
| | ) |
| JOHN MARSHAL HIGGINS, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff, Zachary Coleman, filed suit against twenty defendants working at and associated with the Rockbridge Regional Jail ("the Jail") during his incarceration there. He alleges eight counts of violations of his Eighth Amendment rights under 42 U.S.C. § 1983, with the primary focus of his Third Amended Complaint on allegations against correctional officers and supervisors whom he claims placed him with other inmates knowing that these inmates would beat or otherwise abuse him. Regarding Defendants Ashley Sloan, LPN, and Roger Bryant, LPN, Coleman alleges in Count X of the Third Amended Complaint a single claim of deliberate indifference for failing to provide medical treatment in April 2019. Because Coleman failed to plead the specific unconstitutional acts or omissions of Bryant and Sloan showing their deliberate indifference to Coleman's serious medical needs, I **GRANT** the Motion to Dismiss Count X for failure to state a claim and dismiss Bryant and Sloan from this action **WITHOUT PREJUDICE**. Dkt. 126.

    I.    **Complaint**

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). I accept all factual allegations in the complaint as true and draw all reasonable inferences in Coleman's favor as the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of the cause of action").

Coleman alleges in his Third Amended Complaint that he was incarcerated at the Jail from August 8, 2018 to September 7, 2018, and again from December 28, 2018 to May 27, 2019.[1] He alleges claims against certain defendants for the period from August 8, 2018 until August 19, 2018, for assigning him to a cell with two inmates whom he describes as "dangerous criminals" and whom he claims assaulted him multiple times per day. Dkt. 95 at 2–3. He asserts claims against other defendants beginning in early 2019, when one of those inmates threatened him after being left alone with him in a hallway. Id. at 3–4. In February 2019, Coleman was assigned to a cell with two other inmates, who "pursued a campaign of sexual harassment and assault against Plaintiff[,]" which lasted until April 2019. Id. at 4.

Regarding the claims against Bryant and Sloan, Coleman alleges that he became very ill in April 2019, beginning "with a swollen cold sore, a 'white head' on the side of his mouth, weakness, and fever" and further claims that the symptoms became worse over the course of a few days, but he was allegedly denied medical treatment daily. Id. Coleman alleges that he "sought treatment from at least three different female nurses" at the Jail but does not know their

---

[1] Coleman was out on bond from September 7, 2018 until December 28, 2018. Dkt. 95 at 2.

names. Id. at 22. He claims to have blacked out and awoken in a wheelchair on the fifth day, and the next day, "the inflammation had spread to his throat and jaw and he was finally sent to a hospital where he was found to have a 101.2-degree fever." Id. at 4. Coleman was diagnosed with MRSA and cellulitis and fed intravenously. Id. at 5.

Coleman alleges that Bryant had the authority to order or provide medical treatment for him and that Sloan served as a nurse at the Jail. Id. at 22. Notably, Coleman makes no factual allegations against Bryant or Sloan as to any specific examination, treatment, diagnosis, or interaction with Coleman other than he "sought treatment from [Defendants] daily," and "defendants [sic] failed to provide adequate medical care to Plaintiff." Id. Coleman asserts a single claim of failure to protect from cruel and unusual punishment by failing to provide medical care against Bryant and Sloan.

## II.     Analysis

To state a claim of deliberate indifference against medical providers under § 1983, a plaintiff must plead that a defendant, acting under the color of state law, deprived him of rights guaranteed by the Constitution or laws of the United States. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 239 U.S. 97, 102 (1976) (internal quotation marks and citations omitted). A claim of deliberate indifference has two components: an objective prong and a subjective prong. "The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 209–10 (4th Cir. 2017).

The first prong "requires plaintiffs to demonstrate that the deprivation alleged was, objectively, sufficiently serious." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotation marks omitted). A serious medical need is one that has "been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Under the second prong, plaintiffs must show that prison officials acted with deliberate indifference. Scinto, 841 F.3d at 225. "[A] defendant acts with deliberate indifference if he had actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregarded them." Gordon v. Schilling, 937 F.3d 348, 357 (4th Cir. 2019) (internal quotation marks omitted). See also Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (noting that deliberate indifference requires a showing that a prison official "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction"). "A plaintiff can satisfy the subjective knowledge requirement through direct evidence of a defendant's actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence that the defendant knew of a substantial risk from the very fact that the risk was obvious." Hairston v. Allen, No. 7:19cv00328, 2020 WL 1066342, at *5 (W.D. Va. Mar. 5, 2020) (Conrad, J).

Where "a deliberate indifference claim is predicated on a delay in medical care, . . . there is no Eighth Amendment violation unless the delay results in some substantial harm to the patient, such as a marked exacerbation of the prisoner's medical condition or frequent complaints of severe pain." Harvey v. Landauer, No. 7:18-cv-00097, 2020 WL 7249632, at *3 (W.D. Va. Dec. 9, 2020) (Dillon, J) (internal quotation marks omitted). See also Sharpe v. S.C. Dep't of

4

Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

Coleman alleges that he became ill "with a swollen cold sore, a 'white head' on the side of his mouth, weakness, and fever." Dkt. 95 at 4. He alleges that these symptoms got worse and that he was denied any treatment by the Jail. Id. On the fifth day of his illness, he claims he blacked out and woke up in a wheelchair. Id. Coleman alleges that it was not until the sixth day of his illness that he went to the hospital, where he had a 101.2-degree fever and was diagnosed with MRSA and cellulitis. Id. at 4–5. Coleman claims that "Defendants" failed to provide him with immediate, adequate treatment and that the six-day delay in care from the onset of his illness violated his Eighth Amendment rights. Id. at 22–23. Coleman also alleges that the failure to provide medical care "resulted in a much more severe and life-threatening illness than [he] would have otherwise suffered." Id.

Coleman seems to allege both the failure to provide medical care and the delay in medical care as the bases for his claim against Sloan and Bryant. Id. at 22–23. Coleman alleges that he passed out from his illness, that he was admitted to the hospital, and that he received intravenous treatment. At the motion to dismiss stage, I find that Coleman has alleged sufficient facts that he suffered from a serious medical condition, and thus, satisfied the objective prong of the deliberate indifference inquiry.

However, Coleman cannot satisfy the subjective prong. As it relates to Bryant, Coleman alleges that Bryant "had authority to order and/or provide medical treatment for or to" Coleman. Dkt. 95 at 22. Regarding Sloan, Coleman states that she worked at the Jail and that he "sought treatment from at least three different female nurses" at the Jail in April 2019 but "does not know

5

their identities." Id. Coleman further alleges that Bryant and Sloan "were aware that [Coleman] was seriously ill because he sought treatment from them daily." Id. Coleman makes the bare and conclusory allegation that he sought treatment from "the defendants" daily, Id. at 22, but he does not allege that he notified either Bryant or Sloan of his complaints or that they disregarded his symptoms and illness. Plaintiff's allegations against Bryant and Sloan amount to nothing more than a "formulaic recitation" of the labels, conclusions, and elements of an Eighth Amendment deliberate indifference claim. Twombly, 550 U.S. at 570. Coleman only makes collective allegations against Bryan and Sloan without identifying how each defendant individually interacted with him or was responsible for the denial of his constitutional rights. Coleman must plead sufficient facts to plausibly allege that each defendant individually, not collectively, actually knew of his serious medical condition and acted or failed to act with a sufficiently culpable state of mind in deliberate indifference to the serious medical condition. Langford v. Joyner, 62 F.4th 122, 124-125 (4th Cir. 2023).

As it specifically relates to a delay in treatment, Coleman has not asserted any claims that the delay by either Bryant or Sloan in treatment exacerbated his injury or unnecessarily prolonged his serious pain. See Sharpe, 621 F. App'x at 734. Coleman alleges that his symptoms got worse, but he does not allege any facts to establish when either individual defendant became aware of Coleman's condition, or the actions taken or not taken, in the intervening six days by either Bryant or Sloan. Also, Coleman does not allege facts as to how the six-day delay in treatment unnecessarily prolonged his condition other than to make the bald accusation that the delay in treatment "resulted in a much more severe and life-threatening illness than he would have otherwise suffered." Dkt. 95 at 22–23. Accordingly, I find no basis for concluding any delay in his treatment exacerbated his injury or unnecessarily prolonged serious pain.

### III.     Conclusion

Coleman has failed to plead sufficient facts to establish that Bryant and Sloan were deliberately indifferent. Accordingly, I **GRANT** Bryant's and Sloan's Motion to Dismiss without prejudice.

It is so **ORDERED**.

Entered:  April 20, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge